UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:10-cr-00260-MOC

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Vs. | ) ORDER |
| | ) |
| **GREGORY D. ANDERSON,** | ) |
| Defendant. | ) |

**THIS MATTER** is before the court on defendant's pro se Motion in the Nature of an Objection to the Presentence Report. In sum, defendant contends that the USPO has improperly used immunized information in crafting the Presentence Report. Despite being represented by two of the most experienced defenders in this district, defendant contends that counsel is ineffective because counsel has refused to include such an objection in his objections to the Presentence Report. Defendant is incorrect.

On October 2, 2013, counsel for defendant filed numerous objections, including the following:

> Moreover, use of the information about the check cashing in calculating the guideline range is barred by § 1B1.8. As Special Agent Brian Rymill testified to in the motion hearing of November 11, 2011, Mr. Anderson was debriefed by the government prior to indictment and during that debriefing told the government about the checks being made out to shell companies that he controlled, including TNT Remodeling. See Transcript of Motion to Dismiss and Motion to Suppress, Doc. No. 49, at 281-83. That debriefing was conducted pursuant to a proffer agreement, see id. at 46, in which "the government agree[d] that self-incriminating information provided pursuant to the agreement shall not be used against the defendant." § 1B1.8(a). "[I]nformation provided pursuant to a use immunity plea agreement may not be used in determining the applicable guideline range under the Sentencing Guidelines." *United States v. Harper*, 643 F.3d 135, 140 (5th Cir. 2011) (citations and quotation marks omitted). Therefore, the

1

information may not be used as the basis of a sentencing enhancement pursuant to
§ 2S1.1(b)(3)(B).

Objections (#182) at 3. Later on in the Objections, counsel further asserts defendant's contentions by stating, as follows:

> **6. Use of information obtained as fruit of the government's violation of the proffer agreement**
>
> At this point, the Court has already ruled that the government did not breach the proffer agreement by subsequently warning Mr. Anderson that his statements to agents, previously understood to be protected by use immunity, would in fact be used against him. Transcript of Motion Hearing, Doc. No. 120, at 22. The defense has a continuing objection to the use of either Mr. Anderson's statements themselves or of any evidence obtained after his cooperation began as being fruits of the government's breach.
>
> Nor can the Court reasonably view the government's breach as inadvertent, in that at the hearing on the Motion to Dismiss and Motion to Suppress, Special Agent Rymill first testified – after specifically stating that he had reviewed his own notes and reports of the proffer session prior to his testimony, see, e.g., Transcript of Motion to Dismiss and Motion to Suppress, Doc. No. 49, at 20-22, 47-48 – that he obtained the information about Mr. Anderson's check-cashing discussed above pursuant to an investigation wholly independent of Mr. Anderson's proffered information, see Transcript of Motion to Dismiss and Motion to Suppress, Doc. No. 49, at 81-87. However, as noted above, on cross-examination Special Agent Rymill admitted reluctantly that he had actually obtained that information from Mr. Anderson during the proffer session. See id. at 281-83.
>
> Accordingly, for the record, the defense objects to any and all enhancements based on information obtained by the government on or after May 24, 2010, the date Mr. Anderson signed the proffer agreement and was debriefed for the first time.

Id. at 4. Thus, defendant's complaints that counsel has not included objections that defendant ask he prepare is wholly without merit.

Finally, defendant states in his motion that he wanted to put such concerns "on the record" even though he knew the court would deny the motion under Local Criminal Rule 47.1(h). Motion (#190) at 1. As the court has repeatedly warned defendant, there is a *reason* why it is against his interests to file motions or statements on his own without the assistance of counsel: by filing pleadings without the assistance of counsel, defendant consistently makes

statements that are against his legal interests and voluntarily exposes information that would have otherwise been privileged attorney-client communications. Defendant is advised that the only thing he has accomplished in filing this motion is to publicly reveal that his attorney advised him that these objections were meritless.

Attorneys – especially good attorneys – routinely advise clients of not only the upside of their case, but also any downsides. While a layperson who is a client may believe that a legal strategy has merit, experienced attorneys – such as the attorneys defendant has – through their training and experience routinely provide clients with guidance as to whether a certain strategy will bear fruit. When an attorney advises a client that a litigation strategy is without merit, it is prudent for a client to keep that privileged communication to himself, not tell the judge and opposing counsel.

While defendant obviously took away from his meeting counsel's view that such an objection was not viable, counsel was, despite such initial concerns, able to couch the objection in terms of a "continuing objection." The practice of law requires time to reflect and do research, which means that the attorney may not always have the answer in a jail interview room. While the lack of immediate resolution of a problem or lack of constant interaction may cause a client concern, it is not cause for the client to fire off a letter to the judge, which becomes part of the public record. Defendant is reminded that the right to remain silent also applies to writings.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's pro se Motion in the Nature of an Objection to the Presentence Report (#190) is **DENIED** without prejudice in accordance with Rule 47.1(h).

Signed: October 11, 2013

Max O. Cogburn Jr.
United States District Judge