UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-236-MOC
3:10-cr-260-MOC-DSC-1

| | |
|---|---|
| GREGORY D. ANDERSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on review of Petitioner's 28 U.S.C. § 2255 Motion to Vacate, (Doc. No. 1), Motion for Leave to Supplement, (Doc. No. 3), and Motion for Relief, (Doc. No. 4).

Petitioner has filed a § 2255 Motion to Vacate raising 23 claims and including more than 360 pages of attachments, (Doc. No.1). More than two months later, he filed a Motion for Leave to Supplement, (Doc. No. 3), attaching 25 pages of materials. Finally, he filed a Motion for Relief, (Doc. No. 4), raising a Rule 60(d) claim of fraud on the court including more than 100 pages of additional argument and materials.[1]

Although Petitioner is appearing *pro se*, he is required to comply with the Local Rules of the United States District Court for the Western District of North Carolina, the Federal Rules of Civil Procedure, and the Rules Governing Section 2255 Proceedings. See Rule 12, Rules Governing Section 2255 Proceedings for the United States District Courts ("The Federal Rules of

---

[1] Petitioner purports to seek Rule 60(b) relief, however, the pleading actually appears to be a supplement to his § 2255 Motion to Vacate, and it is construed as such. See United States v. Morgan, 346 U.S. 502, 505 (1954) ("In behalf of the unfortunates, federal courts should act in doing justice if the record makes plain a right to relief."); see also United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003) (as a general matter, a Rule 60 motion directly attacking the prisoner's conviction or sentence is construed as a § 2255 motion to vacate).

1

Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."). Rule 8(a) of the Federal Rules of Civil Procedure requires pleadings to contain a "short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2); Rule 2(c), Rules Governing Section 2255 Proceedings for the United States District Courts (the § 2255 motion to vacate must "substantially follow ... the form appended to these rules."). Rule 15(a) of the Federal Rules of Civil Procedure allows a party to amend his pleading once as a matter of course if certain time restrictions are met. Fed. R. Civ. P. 15(a)(1). In all other cases, a party may amend his pleading only with the opposing party's written consent or with leave of the court. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id. The general rule is that "an amended pleading supersedes the original pleading, rendering the original pleading of no effect. Thus, if an amended [pleading] omits claims raised in the original [pleading], the [party] has waived those omitted claims." Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001).

The pending motions were filed more than 21 days after the original § 2255 Motion to Vacate, so leave of Court is required before amendment will be permitted. Petitioner's voluminous § 2255 Motion to Vacate, (Doc. No. 1), Motion for Leave to Supplement, (Doc. No. 3), and Motion for Relief, (Doc. No. 4), are not "short and plain" statements, and they attempt to present Petitioner's claims in a piecemeal manner. Petitioner will not be permitted to do so. The Motion for Leave to Supplement, (Doc. No. 3), and Motion for Relief, (Doc. No. 4), are denied without prejudice for Petitioner to file a single succinct Amended § 2255 Motion to Vacate that presents all his claims for relief, subject to all timeliness and procedural requirements. See generally 28 U.S.C. § 2255(f); Mayle v. Felix, 545 U.S. 644 (2005) (discussing relation back).

For the reasons stated herein, Plaintiff shall have thirty (30) days in which to file a superseding Amended Motion to Vacate in accordance with this order. If he chooses not to do so, the Court will proceed on the original Motion to Vacate, (Doc. No. 1), without considering the subsequently filed materials.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner shall have thirty (30) days in which to file an Amended Motion to Vacate in accordance with this Order. If Petitioner fails to file an Amend Motion to Vacate within the time limit set by the Court, this action will proceed on § 2255 Motion to Vacate, (Doc. No.1), as originally filed.

2. Petitioner's Motion for Leave to Supplement, (Doc. No. 3), and Motion for Relief, (Doc. No. 4), are **DENIED**.

3. The Clerk is directed to mail Petitioner a new § 2255 Motion to Vacate form.

Signed: January 26, 2018

Max O. Cogburn Jr
United States District Judge